FILED

2012 APR 24  PM 4: 45

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2012 Grand Jury

CR12-0382

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR _____ |
| Plaintiff, | ) |
| | ) **I N D I C T M E N T** |
| v. | ) |
| | ) [18 U.S.C. § 1349: Conspiracy |
| BOLADEMI ADETOLA, | ) to Commit Health Care Fraud; |
| a/k/a/ "Demi," and | ) 18 U.S.C. § 1347: Health Care |
| YURI MARTIN LOPEZ, | ) Fraud; 18 U.S.C. § 2(b): |
| a/k/a/ "Toby," | ) Causing an Act to be Done; 18 |
| a/k/a "Juan Carlos," | ) U.S.C. § 982(a)(7): Forfeiture] |
| | ) |
| Defendants. | ) |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 1349, 2(b)]

A.   INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

The Conspirators

1.   Defendant BOLADEMI ADETOLA ("ADETOLA"), also known as

("aka") "Demi," owned and operated a durable medical equipment

("DME") supply company called Latay Medical

1  Services ("LATAY").  Defendant ADETOLA submitted applications to

2  Medicare to obtain and maintain a Medicare provider number for

3  LATAY.

4       2.    LATAY's offices were located at 14612 Crenshaw

5  Boulevard, Gardena, California, within the Central District of

6  California.

7       3.    Defendant YURI MARTIN LOPEZ ("LOPEZ"), aka "Toby," aka

8  "Juan Carlos," who had a personal relationship with ADETOLA,

9  worked at LATAY as a manager, technician, and delivery driver.

10      4.    Between in or around January 2005 and in or around

11 September 2009, LATAY submitted to Medicare claims totaling

12 approximately $8,413,858.71.

13 The Medicare Program

14      5.    Medicare was a federal health care benefit program,

15 affecting commerce, that provided benefits to individuals who

16 were over the age of 65 or disabled.  Medicare was administered

17 by the Centers for Medicare and Medicaid Services ("CMS"), a

18 federal agency under the United States Department of Health and

19 Human Services ("HHS").

20      6.    Medicare was subdivided into several parts, including

21 Medicare Part B, which covered physician's services and DME, such

22 as power wheelchairs, power wheelchair accessories, and

23 orthotics.

24      7.    CMS contracted with private insurance companies to (a)

25 certify DME providers for participation in the Medicare program

26 and monitor their compliance with Medicare standards; (b) process

27 and pay claims; and (c) perform program safeguard functions, such

28 as identifying and reviewing suspect claims.

8.   Individuals who qualified for Medicare benefits were referred to as Medicare "beneficiaries."  Each Medicare beneficiary was given a Health Identification Card containing a unique identification number ("HICN").

9.   DME companies, physicians, and other health care providers that provided medical services that were reimbursed by Medicare were referred to as Medicare "providers."

10.   To obtain payment from Medicare, a DME company first had to apply for and obtain a provider number.  By signing the provider application, the DME company agreed to abide by Medicare rules and regulations, including the Anti-Kickback Statute (42 U.S.C. § 1320a-7b(b)), which, among other things, prohibited the payment of kickbacks or bribes for the referral of Medicare beneficiaries for any item or service for which payment may be made by the Medicare program.

11.   If Medicare approved a provider's application, Medicare would assign the provider a Medicare provider number, enabling the provider (such as a DME company) to submit claims to Medicare for services and supplies provided to Medicare beneficiaries.

12.   To obtain and maintain their Medicare provider number billing privileges, DME suppliers had to meet Medicare standards for participation.  The Medicare contractor responsible for evaluating and certifying DME providers' compliance with these standards was Palmetto GBA ("Palmetto").

13.   Until about September 2006, CIGNA processed and paid Medicare DME claims in Southern California.  From in or about October 2006 onward, Noridian Administrative Services ("Noridian") performed this function.

14. Most DME providers, including LATAY, submitted their claims electronically pursuant to an agreement with Medicare that they would submit claims that were accurate, complete, and truthful.

15. Medicare paid DME providers only for DME that was medically necessary to the treatment of a beneficiary's illness or injury, was prescribed by a beneficiary's physician, and was provided in accordance with Medicare regulations and guidelines that governed whether a particular item or service would be paid by Medicare.

16. To bill Medicare for DME it provided to a beneficiary, a DME provider was required to submit a claim (Form 1500) to Noridian or CIGNA. Medicare required claims to be truthful, complete, and not misleading. In addition, when a claim was submitted, the provider was required to certify that the services or supplies covered by the claim were medically necessary.

17. Medicare required a claim for payment to set forth, among other things, the beneficiary's name and HICN, the type of DME provided to the beneficiary, the date the DME was provided, and the name and unique physician identification number ("UPIN") or National Provider Identifier ("NPI") number of the physician who prescribed or ordered the DME.

18. Medicare had a co-payment requirement for DME. Medicare reimbursed providers 80% of the allowed amount of a DME claim and the beneficiary was ordinarily obligated to pay the remaining 20%.

B.    THE OBJECT OF THE CONSPIRACY

    19.   Beginning on or about January 1, 2005, and continuing through on or about September 30, 2009, in Los Angeles County, within the Central District of California, and elsewhere, defendants ADETOLA and LOPEZ, together with others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed to commit health care fraud, in violation of Title 18, United States Code, Section 1347.

C.    THE MANNER AND MEANS OF THE CONSPIRACY

    20.   The object of the conspiracy was carried out, and to be carried out, in substance, as follows:

    a.    Individuals known as "marketers" obtained Medicare beneficiaries' information by offering them medically unnecessary power wheelchairs, hospital beds, orthotics, and other DME.  In some cases, the marketers took or referred the beneficiaries to fraudulent medical clinics, doctors' offices, and other locations where fraudulent prescriptions and medical documents were generated using the beneficiaries' personal information and HICNs.

    b.    Defendant ADETOLA and other co-conspirators would acquire these false and fraudulent prescriptions and other documents from the medical clinics, doctors' offices, and other sources for the purpose of using these prescriptions and documents to submit and cause the submission of false and fraudulent claims to Medicare on behalf of LATAY.

    c.    Defendant LOPEZ and other co-conspirators would sign false and fraudulent delivery receipts and home evaluation forms for power wheelchairs, power wheelchair accessories, orthotics,

1   hospital beds, and other DME purportedly provided by LATAY to

2   Medicare beneficiaries when in fact the DME was not delivered as

3   represented, the home evaluations were not performed, and/or the

4   conditions of the home were misrepresented.

5          d.   After acquiring the false and fraudulent documents,

6   defendants ADETOLA and LOPEZ would submit and cause the

7   submission of false and fraudulent claims to Medicare for power

8   wheelchairs, power wheelchair accessories, orthotics, hospital

9   beds, and other DME purportedly provided by LATAY to Medicare

10  beneficiaries.

11         e.   Defendants ADETOLA and LOPEZ would submit and cause the

12  submission of claims to Medicare for power wheelchairs,

13  orthotics, hospital beds, and other DME that were not provided to

14  the beneficiaries or that the beneficiaries did not want or

15  medically need.   In some cases, defendants ADETOLA and LOPEZ

16  would claim to Medicare that LATAY had provided the beneficiaries

17  with expensive power wheelchairs, orthotics, or other DME when,

18  in fact, LATAY had provided the beneficiaries with less expensive

19  DME.

COUNTS TWO THROUGH THIRTEEN

[18 U.S.C. §§ 1347, 2(b)]

A.   INTRODUCTORY ALLEGATIONS

21.   The Grand Jury incorporates by reference and re-alleges paragraphs 1 through 18 above as though set forth in their entirety here.

B.   THE SCHEME TO DEFRAUD

22.   Beginning on or about January 1, 2005, and continuing through on or about September 30, 2009, in Los Angeles County, within the Central District of California, and elsewhere, defendants ADETOLA and LOPEZ, together with others known and unknown to the Grand Jury, knowingly, willfully, and with intent to defraud, executed, and attempted to execute, a scheme and artifice: (a) to defraud a health care benefit program, namely Medicare, as to material matters in connection with the delivery of and payment for health care benefits, items, and services; and (b) to obtain money from Medicare by means of material false and fraudulent pretenses and representations and the concealment of material facts in connection with the delivery of and payment for health care benefits, items, and services.

C.   MEANS TO ACCOMPLISH THE SCHEME TO DEFRAUD

23.   The fraudulent scheme operated, in substance, as described in Paragraph 20 of this Indictment, which is hereby incorporated by reference as if stated in its entirety here.

D.   THE EXECUTION OF THE FRAUDULENT SCHEME

24.   On or about the dates set forth below, within the Central District of California and elsewhere, defendants ADETOLA and LOPEZ, together with others known and unknown to the Grand

Jury, for the purpose of executing and attempting to execute the fraudulent scheme described above, knowingly and willfully caused to be submitted to Medicare the following false and fraudulent claims for payment:

| COUNT | CLAIM NUMBER | APPROX. DATE SUBMITTED | APPROX. AMOUNT OF CLAIM | NATURE OF CLAIM |
|-------|-------------|------------------------|-------------------------|-----------------|
| TWO | 10721382 3476000 | 8/1/2007 | $5,460 | Power wheelchair and accessories for E.T. |
| THREE | 10724082 4307000 | 8/24/2007 | $5,460 | Power wheelchair and accessories for I.A. |
| FOUR | 10724082 4308000 | 8/24/2007 | $2,200 | Knee Orthosis for I.A. |
| FIVE | 10724082 4313000 | 8/28/2007 | $283.03 | Hospital bed and accessories for I.A. |
| SIX | 10734187 7494000 | 11/28/2007 | $5,460 | Power wheelchair and accessories for M.R. |
| SEVEN | 10716984 5610000 | 5/3/2007 | $130.62 | Hospital bed for H.P. |
| EIGHT | 10806482 1893001 | 3/4/2008 | $5,460 | Power wheelchair and accessories for L.V.N. |
| NINE | 10806482 1894001 | 3/4/2008 | $2,200 | Knee Orthosis for L.V.N. |
| TEN | 10811981 7890000 | 4/28/2008 | $5,460 | Power wheelchair and accessories for S.C.L. |
| ELEVEN | 10811981 7891000 | 4/28/2008 | $955 | Lumber Orthosis for S.C.L. |

| COUNT | CLAIM NUMBER | APPROX. DATE SUBMITTED | APPROX. AMOUNT OF CLAIM | NATURE OF CLAIM |
|---|---|---|---|---|
| TWELVE | 10812282 7475000 | 4/30/2008 | $283.03 | Hospital bed and accessories for P.B. |
| THIRTEEN | 10812282 7482000 | 4/30/2008 | $283.03 | Hospital bed and accessories for P.D. |

1                              FORFEITURE NOTICE

2              [18 U.S.C. § 982(a)(7), 21 U.S.C. § 853,

3                        and 28 U.S.C. § 2461(c)]

4          25.    The Grand Jury hereby realleges and incorporates by

5     reference Counts One through Thirteen of this Indictment as

6     though fully set forth herein, for the purpose of alleging

7     forfeiture, pursuant to the provisions of Title 18, United States

8     Code, Section 982(a)(7).

9          26.    Defendants ADETOLA and LOPEZ, if convicted of any the

10    offenses charged under Counts One through Thirteen of this

11    Indictment, shall forfeit to the United States the following

12    property:

13         a.     All right, title, and interest in any and all property,

14    real or personal, which constitutes or is derived from proceeds

15    traceable to such offenses including, but not limited to:

16              i.     approximately $19,121.13 seized on or about

17    December 18, 2009, from Bank of America account number

18    *****-*7467, in the name of Latay Medical Services;

19              ii.    one 2006 Infiniti M45-V8, VIN JNKBY01EX6M202677;

20              and

21              iii. one 2010 Mercedes Benz GLK, VIN WDCGG8HB7AF268339.

22         b.     A sum of money equal to the total amount of proceeds

23    derived from each such offense for which defendants are

24    convicted, or for which defendants may be held jointly and

25    severally liable.

26         27.    If, as a result of any act or omission by defendants

27    ADETOLA or LOPEZ any of the foregoing money or property

28

                                    10

1  (a) cannot be located upon the exercise of due diligence; (b) has

2  been transferred or sold to, or deposited with, a third party;

3  (c) has been placed beyond the jurisdiction of the court; (d) has

4  been substantially diminished in value; or (e) has been

5  commingled with other property that cannot be subdivided without

6  difficulty, then any other property or interests of defendants

7  ADETOLA and LOPEZ, up to the value of the money and property

8  described in the preceding paragraph of this Indictment, shall be

9  subject to forfeiture to the United States.

10

11                                          A TRUE BILL

12

13                                        _/S/_____

14                                          Foreperson

15  ANDRÉ BIROTTE JR.
    United States Attorney

16  _Dorothy C. Kim_
17  _Dep. Chief, Crim. Div.-FOR._
    ROBERT E. DUGDALE
18  Assistant United States Attorney
    Chief, Criminal Division

19

20  BEONG-SOO KIM
    Assistant United States Attorney
    Chief, Major Frauds Section

21

22  SAM S. SHELDON
    Deputy Chief, Fraud Section
    United States Department of Justice

23

24  CHARLES LA BELLA
    Deputy Chief, Fraud Section
    United States Department of Justice

25

26  MARY ANN McCARTHY
    Trial Attorney, Fraud Section
    United States Department of Justice

27

28